## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CLARENCE WILLIAM MORROW,

        Petitioner,               Case No. 05-CV-72917

v.                                         HONORABLE AVERN COHN

JERRI-ANN SHERRY

        Respondent.
_____/

### ORDER OF SUMMARY DISMISSAL

**I.**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Clarence Morrow, a state inmate currently incarcerated at the Straits Correctional Facility in Kincheloe, Michigan, claims he is incarcerated as a result of a violation of his Fourth Amendment rights. For the reasons which follow, the petition is DISMISSED.

**II.**

**A.**

Rule 4, Rules Governing Section 2254 cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B.**

Petitioner pled guilty in to possession with intent to deliver less than 50 grams of

Case 2:05-cv-72917-AC-PJK   Document 3   Filed 08/16/2005   Page 2 of 3

cocaine. The plea was conditioned on preserving a Fourth Amendment search and seizure issue, which was the subject of a motion to suppress, for appeal. On April 22, 2004, Petitioner was sentenced to a prison term of 3 to 20 years. Petitioner apparently raised the Forth Amendment issue on appeal. On November 4, 2004, the Michigan Court of Appeals denied Petitioner's application for leave to appeal. The Michigan Supreme Court also denied leave to appeal; however, Justice Kelly dissented, believing that the search and seizure issue "deserves more careful consideration." *People v. Morrow*, 2005 WL 1634121 (Mich. S. Ct. No. 127705, July 8, 2005).

Approximately two weeks after the Michigan Supreme Court's denial of leave to appeal, on July 26, 2005, Petitioner filed the instant petition for a writ of habeas corpus, presenting the search and seizure claim as follows:

> I. Petitioner's is entitled to writ of habeas corpus because the Michigan courts failed to suppress illegally obtained evidence in violation of Petitioner's Fourth Amendment right of the United States Constitution.

In *Stone v. Powell*, 428 U.S. 465, 481-82 (1976), the Supreme Court held that federal courts may not consider a habeas petitioner's claim that evidence obtained in violation of the Fourth Amendment should have been excluded at his trial if the prisoner had an opportunity for full and fair litigation of that claim in state court. For such an opportunity to have existed, the state must have provided a mechanism by which to raise the claim and the presentation of the claim must not have been frustrated by a failure of that mechanism. *Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985). Petitioner makes no claim that the search and seizure issue was not fully and fairly litigated. Indeed, his motion to suppress was considered and denied by the trial court, and the trial court's decision was reviewed by the Michigan Court of Appeals and by the

Michigan Supreme Court. Because Petitioner had an opportunity, albeit unsuccessful, to raise and did raise the Fourth Amendment claim in state court, the Court cannot consider the claim on habeas review.

It is noted that Petitioner may seek review of the Michigan Supreme Court's denial of leave to appeal in the United States Supreme Court. Petitioner has 90 days from the date of the Michigan Supreme Court's order denying leave to appeal to seek such review. See 28 U.S.C.A. §§ 1257, 2101.

Petitioner's Motion for Immediate Release is DENIED AS MOOT.

SO ORDERED.


Dated: August 16, 2005

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, August 16, 2005, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160